## JOHN ARMS ET AL. V. GABRIEL BEITMAN.

1. *Principal and Surety—Notice to Assignee.*—Where suit is brought on a promissory note by an assignee, and some of the signers defend on the ground that they were merely sureties, notice of the fact of suretyship to the assignee must be proved.

2. *Newly Discovered Evidence.*—To obtain a new trial on this ground, diligence must be shown in preparing for the first trial.

Filed May 10, 1881.

Appeal from Daviess Circuit Court.

W. R. Gardiner and S. H. Taylor and James T. Pierce, for appellants, cited (per Mr. Pierce) *Redman* v. *Deputy*, 26 Ind. 338; *Calvin* v. *Wiggin*, 27 Ind. 489; *Cross* v. *Wood*, 30 Ind. 378; *Jarvis* v. *Hyatt*, 43 Ind. 165; *Pierce* v. *Goldsberry*, 31 Ind. 52, as to the discharge of a surety by an agreement of forbearance on the consideration of a payment of interest in advance; *Rees* v. *Berrington*, 2 Vesey Jr. 540; *Huffman* v. *Hulbert*, 15 Wend. 377; *Rathbone* v. *Warren*, 10 Johns. 587; *Miller* v. *McConn*, 7 Paige, 452, as to the rule of discharging sureties by delays; *Hart* v. *Clouster*, 30 Ind. 210; 20 Ind. 388, as to discharge by alteration, and nature of surety's liability; *Robertson* v. *Roberts*, 20 Ind. 155, as to the rule in regard to an assignee; *Holt* v. *Bodey*, 6 Harris, 207, as to release without notice to payee; *White* v. *Perkins*, 16 Ind. 358, as to successive motions for a new trial; *Humphries* v. *Click*, 49 Ind. 189, as to newly discovered admissions of a party.

O'Niell & Heffron, for appellee, cited *Davenport* v. *King*, 63 Ind. 64; *McClosky* v. *Indianapolis*, etc., *Union*, 67 Ind. 86, as to motion for a new trial.

Opinion of the court by Mr. Chief Justice Niblack.

Gabriel Beitman, as assignee of Louis Cosby, commenced this action before a justice of the peace against Thomas White, John Arms and Franklin White, as makers of a promissory note for one hundred and seventy dollars, dated March 13, 1875, and payable to the said Louis Cosby eight months after date, and obtained judgment before the justice.

Upon an appeal to the Circuit Court there was again a finding and judgment in favor of the plaintiff.

At the trial Thomas White testified that he was the principal obligor in the note, and that the other defendants were only sureties thereto; that on the 24th day of February, 1876, he paid to Beitman the sum of $17.80 in full of interest to the 1st day of April, then next ensuing, Beitman agreeing to wait for the principal; that neither one of his co-defendants knew anything of this payment of interest to, or agreement with, Beitman.

Beitman, who was called as a witness by the defendants, testified that about the 1st day of March, 1876, the defendant Thomas White paid him $17.80 as interest on the note until the 1st day of April, 1876, and that he agreed with the said White to wait for the principal until the last named day; that he did not know who was principal or who was surety; that he did not know that either Arms or Franklin White was only surety on the note.

This was, in substance, all the material evidence introduced by the defendants.

After a finding was made for the plaintiff, the defendants, Arms and Franklin White, moved the court for a new trial: First, because the finding was contrary to law; second, because the finding was not sustained by sufficient evidence; third, because of newly-discovered evidence; but their motion was not sustained.

In support of the third cause for a new trial Arms and Franklin White, the appellants here, filed their affidavit, stating that they had been taken by surprise by the testimony of Beitman; that since the trial they had discovered important and material evidence in their behalf, that is to say, that Cosby, the payee of the note, did, at the time he transferred the note to Beitman, inform him, said Beitman, that they, the affiants, were only sureties thereto; that they did not have an opportunity of seeing Cosby until after the trial, when, happening to speak with him on the subject, he communicated to them what he had informed Beitman, as above; that they had supposed that Beitman would swear that he knew that they were only sureties on the note, but that they did not know at the time of the trial in what way Beitman had been informed of such suretyship; that they could prove by Cosby notice to Beitman of their suretyship, as above stated.

The affidavit of Cosby that he informed Beitman at the time of the transfer of the note that Arms and Franklin White were only sureties, accompanied the affidavit of Arms and Franklin White.

The failure of Arms and Franklin White to prove upon the trial that Beitman had notice that they were only sureties on the note was fatal to their defense.

The court did right, therefore, in finding against them upon the evidence adduced upon the trial. *Davenport* v. *King*, 63 Ind. 64; *McClosky* v. *The I. M. & C. Union*, 67 Ind. 86.

The court also did right in refusing to grant a new trial for newly discovered evidence.

No diligence was shown to ascertain before the trial whether Beitman had notice of the suretyship of the appellants when he agreed to an extension of time for the payment of the note. It was not claimed that inquiry had been made of any one on the subject of such notice previous to the trial, and nothing was alleged which could have afforded the appellants any good reason for believing that Beitman had notice of such suretyship.

The mere calling of Beitman as a witness to establish certain supposed facts, without some previous inquiry as to the existence of such facts, cannot be held to have been due diligence in endeavoring to obtain proof of the facts thus sought to be established.

The judgment is affirmed with costs.