Filed Dec. 16, 1885.

---

No. 10,515.

### BROWN ET AL. *v.* SEARLE ET AL.

PRACTICE.—*Judgment Non Obstante Veredicto.*—Under the civil code of this State, a motion for judgment *non obstante veredicto,* or for judgment on the pleadings, can only be made by the party against whom the verdict has been found.  Section 566, R. S. 1881.

SAME.—*Defects in Pleading Supplied by Evidence.—Supreme Court.—Presumption.*—Where the defects in a pleading are of a character which could be supplied by the evidence and cured by the verdict, the Supreme Court will presume, in the absence of the evidence from the record, that such defects were so supplied and cured.

SAME.—*Special Finding.—General Verdict.*—If the special findings are not inconsistent with the general verdict, the latter will stand.

From the Cass Circuit Court.

*D. D. Dykeman* and *M. Winfield,* for appellants.

*S. T. McConnell, R. Magee* and *D. B. McConnell,* for appellees.

HOWK, J.—In this case, the appellants Brown and Brown sued the appellees Searle and Rice, in a complaint of five paragraphs, each of which counted upon a separate and distinct promissory note.  The five notes were each dated March 22d, 1880, were each in the sum of $291.67, were all executed by the appellees, and were payable respectively in five, six, seven, eight and nine months after date to the appellants,

by their partnership name of John Brown & Son. In each paragraph of complaint it was alleged as to the note therein sued upon, that it was past due and wholly unpaid. After-wards, and pending the suit, the appellants filed a supplemental and sixth paragraph of complaint, counting upon another promissory note of the same date and amount as each of the notes previously sued upon, executed also by the appellees and payable to appellants, by their said partnership name, ten months after its date, which note last in suit, it was alleged in such supplemental and sixth paragraph, did not mature until after the commencement of this action, and was then due and unpaid. Each of the appellees answered separately, in two paragraphs, of which the first was a general denial and the second paragraph stated a special defence. Appellants replied to the second paragraph of the separate answer of appellee Searle, in three paragraphs, of which the first was a general denial, and each of the other two paragraphs stated special matters in reply. Appellants also replied to the second paragraph of the separate answer of appellee Rice, in two paragraphs, whereof the first was a general denial, and the second was a special reply.

The issues joined were tried by a jury and a general verdict was returned for the appellants, the plaintiffs below, assessing their damages in the sum of $831.80, and their attorneys' fees in the sum of $190.90. With their general verdict, the jury also returned into court their special findings upon particular questions of fact, submitted to them by the appellants under the direction of the court, in substance as follows:

1. What is the amount of the principal and interest of the notes sued upon, less the credit of $15 endorsed upon one of them? Answer. $1,633.13.

2. What is the amount of attorneys' fees as proved? Ans. $190.90.

3. Did the defendant Searle, with Melville Castle, within a few months after he came into the possession of the stock

of goods, examine such stock for the purpose of ascertaining what changes had been made in the cost marks, and what goods had been invoiced to him by the plaintiffs too high under the contract? Ans. Yes.

4. If you answer question No. 3 in the affirmative, did defendant Searle make memoranda of all the changes he could discover, and of such other goods as, he believed, were invoiced too high? Ans. No.

5. What was the amount of the difference between the invoice as upon the goods and the invoice as should be upon the goods, as shown by such memoranda? Ans. $321.25.

6. Were all the goods, named and designated in such memoranda, changed as shown by such memoranda after the contract was signed? If not, state what was the change in these goods in amount? Ans. Yes.

7. Have the defendants proved that any other changes were made, after the contract was signed, than as found in answer to question No. 6? If you answer yes, state upon what goods these changes were made? Ans. No.

8. Were there any changes made in the marks upon the goods of the 3d class after the contract was signed? If you answer in the affirmative, state the amount of such change? Ans. $344.37.

9. Were there any other changes made in the marks upon the goods of the 1st class, except to restore the original cost marks of the goods to the plaintiffs, in cases where the original cost marks had been changed or lost? Ans. Yes.

10. What was the amount of the changes made in the goods of the 1st class? Ans. $786.33.

11. What amount do you find in favor of the defendants, upon the second paragraph of answer and set-off of Frank W. Searle? Ans. $1,131.20.

12. Do you find in favor of the defendants, upon the second paragraph of answer and set-off of the defendant Rice? If you answer in the affirmative, state the amount? Ans. $1,131.20.

Over the appellant's motions for judgment in their favor, for the amount of principal, interest and attorneys' fees of the notes in suit, upon the special findings of the jury notwithstanding their general verdict for a less amount, and their four several motions for judgment *non obstante veredicto* for the full amount of principal, interest and attorneys' fees of the notes sued upon, the court rendered judgment in their favor on the general verdict for the damages therein assessed and the costs of suit.

The plaintiffs have appealed to this court, and have here assigned a large number of errors. Among others, they have assigned as errors the overruling of their demurrers to the second paragraphs of the separate answers of the appellees. Upon a former hearing of this appeal we held that these errors were well assigned, and reversed the judgment below for these erroneous rulings. But the plaintiffs were not content with this reversal, and asked for and obtained a rehearing upon the express and only ground that, under the practice of this court, they had waived the errors assigned upon those rulings by their failure to discuss them in their briefs of this cause. Since the rehearing was granted, the plaintiffs have filed new and additional briefs herein, but they still fail and omit to discuss the errors assigned by them, upon the overruling of their demurrers to the second paragraphs of the separate answers of the appellees. These errors, therefore, under our practice, must be regarded as practically and impliedly, if not expressly, waived and withdrawn from our consideration.

It is manifest from what we have said, that the appellants do not ask or desire us to reverse the judgment below upon the ground that the second paragraphs of appellees' separate answers were bad on the demurrers thereto, and that errors were committed in overruling such demurrers. But it does not follow that they, or their learned counsel, are here consenting to the sufficiency of these paragraphs of answer to withstand their demurrers. On the contrary, they are asking

us to go much further than we would be required to go in order to hold such paragraphs of answer bad on their demurrers thereto. They ask us to hold that the paragraphs were so utterly and hopelessly insufficient that, after trial and with all the intendments of the verdict in their support, they constituted no defence whatever to appellants' action ; and that, therefore, errors were committed by the court below in overruling each and all of their several motions for judgment in their favor for the full amount of principal, interest and attorneys' fees of the notes in suit, upon the pleadings in the cause, *non obstante veredicto.*

We are of opinion, however, that this motion was not well taken by the appellants, in whose favor the jury found both in their general verdict and in their special findings of fact. It was a common law motion, and, perhaps, under that law it might have been made by the party in whose favor the verdict was returned, though there are respectable authorities which seem to hold otherwise. However this may have been at common law, it is certain, we think, that since our first civil code of practice took effect, on May 6th, 1853, a motion for judgment *non obstante veredicto*, or for judgment on the pleadings, could only be made by the party against whom the verdict has been found. In section 372 of that code, which section was substantially re-enacted in 1881, and is now in force as section 566, R. S. 1881, it was and is provided: " When, upon the statements in the pleadings, one party is by law entitled to judgment in his favor, judgment shall be so rendered by the court, though a verdict has been found against such party." *Freitag* v. *Burke*, 45 Ind. 38 ; *Western Union Tel. Co.* v. *Fenton*, 52 Ind. 1 ; *Dorman* v. *State*, 56 Ind. 454 ; *McCloskey* v. *Indianapolis, etc., Union*, 67 Ind. 86 (33 Am. R. 76).

But if we were to hold that the party in whose favor the verdict has been found might move for judgment *non obstante veredicto*, or any other judgment than a judgment on such verdict, we still could not hold that the trial court erred in

the case in hand in overruling any of the appellants' several motions for judgment *non obstante veredicto*. There are no defects in either of the appellees' answers which could not have been supplied by the evidence on the trial and cured by the verdict. The evidence on the trial is not in the record of this cause, and, in its absence, we are bound to presume, in support of the rulings below, that the supposed defects in appellees' answers were fully supplied by such evidence and cured by the verdict.

There is no inconsistency between the general verdict of the jury and their special findings of fact. Of course, in such case, the special findings of the jury can not control the general verdict, and judgment must be rendered on the latter. This is settled by many decisions of this court. *Baltimore, etc., R. R. Co.* v. *Rowan, ante,* p. 88, and cases cited.

We find no error in the record.

The judgment is affirmed, with costs.

Filed Dec. 16, 1885.