# VANDALIA COAL COMPANY *v.* ALSOPP, ADMINISTRATRIX.

[No. 8,576. Filed June 25, 1915. Rehearing denied November 5, 1915. Transfer denied April 27, 1916.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Employer's Liability Act.—Mine Servant.—Complaint.*—The Employer's Liability Act of 1911 (Acts 1911 p. 145, §8020a Burns 1914), gives no right of action against an employer except for negligence, eliminates the doctrine of assumed risk where there is a violation of an ordinance or statute, or when it arises from obedience to orders or directions from the employer or any one the employe is bound to obey, or is based on known defects in the place of work, or which might have been known, or where the injury arises from dangers or hazards inherent or apparent in such place, and eliminates the defenses of negligence and contributory negligence resulting from obedience or conformity to an order or direction which the employe was bound to obey; and, since §8580 Burns 1914, Acts 1905 p. 65, §12, relating to the operation of coal mines, recognizes two ways of making such mines safe, a complaint for injuries to a mine employe whose duty it was to repair the mine in conformity to an order of the mine boss, which disclosed that the way selected by the boss was dangerous and known so to be, although a safer way could have been selected, and that while attempting to do the work in conformity to such order loose slate fell on such employe, etc., stated a cause of action under the Employer's Liability Act. p. 654.

2. RELEASE.—*Fraud.—Personal Injuries.*—Where plaintiff was induced to execute a release of claim for the death of her husband, killed while at work in a coal mine, by the representations of defendant's agent who took advantage of her necessitous circumstances, and represented to her that it would be six or seven years before she would acquire anything by ligitation, that defendant had evidence to show that decedent had assumed the risk, and falsely underrated the ability of her attorneys and stated that their services were worth but a small sum, a reply setting up such facts, showing that plaintiff had been imposed upon, and that immediately on learning her rights she had tendered back to the defendant the check which she received for such release, etc., was sufficient to avoid an answer pleading such release as a defense. p. 657.

3. APPEAL.—*Review.—Pleadings.—Motion for Judgment.*—Where the complaint stated a cause of action and a reply to the answer was sufficient to avoid the answer, the court properly overruled defendant's motion for judgment on the pleadings *non obstante veredicto.* p. 658.

4. APPEAL.—*Review.—Refusal of Instruction.*—Where instructions tendered were either incorrect statements of the law or were sub-

stantially included in instructions given, their refusal was not error. p. 658.

From Sullivan Circuit Court; *William H. Bridwell*, Judge.

Action by Emma Alsopp, administratrix of the estate of Aaron Alsopp, deceased, against the Vandalia Coal Company. From a judgment for the plaintiff, the defendant appeals. *Affirmed.*

*O. B. Harris* and *Henry W. Moore*, for appellant. *Cyrus E. Davis* and *Oscar E. Bland*, for appellee.

FELT, J.—This is a suit for damages for the death of appellee's decedent, Aaron Alsopp, alleged to have resulted from the negligence of appellant. The complaint in one paragraph was answered by general denial and by a special paragraph in which it was alleged that the claim had been settled in full before the suit was begun. To the special paragraph of answer, appellee replied that the alleged settlement had been procured by fraud. The case was tried by a jury and a verdict returned for $2,500. Appellant's motion for a new trial was overruled and judgment was rendered on the verdict from which this appeal is taken. The errors assigned and relied on for reversal are that (1) the court erred in overruling appellant's demurrer to the complaint; (2) the court erred in overruling appellant's motion to strike out parts of the reply; (3) the court erred in overruling appellant's demurrer to appellee's reply; (4) the court erred in overruling appellant's motion for a new trial; and (5) in overruling appellant's motion for judgment on the issues, notwithstanding the verdict of the jury.

The complaint in substance charges that appellant is a corporation operating a coal mine and selling and trafficking in coal in the State of Indiana;

that it employed in its mines 200 men; that the ways and entries through the mine operated by said company were overlaid with a stratum of slate and shale and rock which constituted the roof of the entries; that appellee's decedent was employed by appellant as a timber man to set timbers to prop and secure the roof in the entries and ways of the mines; that many days prior to decedent's injury, the slate and rock in the main south parting or way became loose and likely to fall at any time and was exceedingly dangerous, and so remained until it fell and killed the appellee's decedent, all of which was known to appellant; "That the proper and practical and safe way and method of repairing said roof and making the works and ways of said mine thereunder reasonably safe was by taking down and removing said slate and and rock, which could easily have been done without the necessity of anyone going or being under the same, which facts were at all times known to this defendant. * * * That to repair said roof or secure and make it safe, or to attempt to do so by placing props and timbers thereunder made it necessary for the persons so repairing to go under and be under the same while setting said props and timbers, and exposed such person to the danger of being crushed by a momentary fall of said slate and rock, * * * and was an exceedingly dangerous and unsafe method of making said roof safe * * *, which facts were at all times known to defendant." That pursuant to the laws of Indiana, appellant had in its employ one John Quigley as mine boss and one Hugh Rice as his assistant, or room boss, who had authority to superintend and control all the underground works, ways, machinery, employes, and operations of said mines and to give all orders and directions

to appellant's servants working therein, and had power and authority to employ and discharge them; that by the terms of decedent's employment, he was required to obey all orders and directions of said Quigley and his assistant; that the mine boss and his assistant carelessly and negligently failed to see that said unsafe and dangerous place in said main south parting was made safe and knowingly, carelessly and negligently permitted the same to remain dangerous and unsafe; that on the day that decedent was killed, the mine boss and his assistant undertook to make said place safe and appellant carelessly and negligently failed to adopt the aforesaid safe method of doing the work by taking down and removing the slate and rock, but carelessly and negligently adopted the aforesaid unsafe and dangerous plan of propping and timbering and carelessly and negligently ordered decedent to do the work in that manner; that decedent had no knowledge of the loose and dangerous condition of said roof and of its being likely to fall or of the danger of the aforesaid method of making the place safe, and appellant and its mine boss and assistant negligently failed to give him any warning or information of the loose and dangerous condition of said slate and rock, or of the danger incident to the method adopted by them to make the place safe; that decedent was obliged to obey said orders and did obey the order to go under the roof and while engaged in setting timbers in pursuance of said order, the loose slate and rock fell and killed him.    The second paragraph of answer alleges in substance that the demands sued for had been fully settled and adjusted with appellee and a full release therefor executed to appellant by appellee on payment of $600.

The special reply admits the settlement of the

claim and alleges that it was procured by one Kennedy acting for and on behalf of appellant. It charges that Kennedy falsely and fraudulently represented to appellee that appellant had evidence to show that decedent knew the dangers of the roof when he went to work under it; that her attorneys had wholly failed in other similar cases within his knowledge; that he falsely and fraudulently represented to appellee that their services in this case were not at that time worth over $25 when in truth and fact they were of the value of $200, which fact was known to Kennedy; that said statements were false and known to be false by said Kennedy, but appellee did not know of their falsity and relied thereon and believed them to be true and was thereby induced to execute said release; that the decedent was appellee's husband, and she was at the time in great distress on account of his death and her destitute condition with six small children to support; that Kennedy knew her condition and took advantage thereof and told her that if she went to law and recovered it would be six or seven years before she would receive anything and that her lawyers would take most of it if she recovered anything; that she must settle without seeing her lawyers and recommended that she see another lawyer whom he suggested; that such lawyer would advise her properly; that her mind was confused by said representations and her condition aforesaid and relying and acting on said statements, she saw the lawyer suggested by Kennedy and was by him informed that $25 was enough for her attorneys and all their services were worth; that by reason of the representations and threats aforesaid she signed the release and accepted a check from appellant for $600; that she never presented the check for payment and

notified appellant that she repudiated and rescinded the settlement and tendered the check back which was refused and she now brings it into court for the use and benefit of appellant.

Appellant contends that the complaint fails to state a cause of action because it shows that appellee's decedent was injured while doing

1. the work he was employed to do and that his death resulted from one of the ordinary hazards of his employment which was assumed by him; that he was employed to make dangerous places safe and assumed the risk of so doing, notwithstanding the averments that he undertook to do such work in obedience to the order of his superior officer; that the complaint shows all the facts indicating danger were known to the decedent and were open and obvious; that for these reasons he could not rely upon the presumption that he would not be ordered to work in a dangerous place. Appellee contends that the complaint avers facts which show a liability under the statute and also under the common law.

Section 8580 Burns 1914, Acts 1905 p. 65, §12, provides that: "The mine boss shall visit and examine every working place in the mine, at least every alternate day while the miners of such places are, or should be, at work, and shall examine and see that each and every working place is properly secured by timbering and that the safety of the mine is assured. He shall see that a sufficient supply of timbers are always on hand at the miner's working place. He shall also see that all loose coal, slate and rock overhead wherein miners have to travel to and from their work, are taken down or carefully secured. Whenever such mine boss shall have an unsafe place reported to him, he shall order and direct that the same be placed in a safe

condition; and until such is done no person shall enter such unsafe place except for the purpose of making it safe." The act of 1911, §1 (Acts 1911 p. 145, §8020a Burns 1914), provides for liability of any person, firm or corporation in this State employing five or more persons, where the "injury or death resulted in whole or in part from the negligence of such employer or his, its or their agents, servants, employes or officers". Section 2 (Acts 1911 p. 145, §8020b Burns 1914) provides that: "In actions brought against any employer under the provisions of this act for the injury or death of any employe, it shall not be a defense that the dangers or hazards inherent or apparent in the employment in which such injured employe was engaged, contributed to such injury. No such injured employe shall be held to have been guilty of negligence or contributory negligence where the injury complained of resulted from such employe's obedience or conformity to any order or direction of the employer or of any employe to whose orders or directions he was under obligation to conform or obey, although such order or direction was a deviation from other rules, orders or directions previously made by such employer." Section 3 (Acts 1911 p. 145, §8020c Burns 1914) in part provides: "nor shall such injured employe, be held to have assumed the risk of the employment where the injury complained of resulted from his obedience to any order or direction of the employer or of any employe to whose orders or directions he was under obligations to conform or obey although such order or direction was a deviation from other orders or directions or rules previously made by such employer. In any action brought against any employer under the provisions of this act to recover damages for injuries to or the death of, any of his,

its or their employes, such employe shall not be held to have assumed the risk of any defect in the place of work furnished to such employe, or in the tool, implement or appliance furnished him by such employer, where such defect was, prior to such injury, known to such employer or by the exercise of ordinary care might have been known to him in time to have repaired the same or to have discontinued the use of such defective working place, tool, implement or appliance."

The accident which caused the death of appellee's decedent, occurred April 8, 1911, and the Employer's Liability Act from which we have quoted, went into effect on March 2, 1911. The act has been held constitutional by the Supreme Court, except as to §7, which was not passed upon. *Vandalia R. Co.* v. *Stillwell* (1914), 181 Ind. 267, 104 N. E. 289. In the foregoing decision it is held that the act gives no right of action against an employer except for negligence; that assumption of risk, is removed where there is a violation of an ordinance or statute, or when it arises from obedience to orders or directions from the employer or any one whom the employe is bound to obey, or where the assumption of the risk is based on defects in the place of work, when the defect is known, or by the exercise of ordinary care could have been known in time to repair, or where injury arises from dangers or hazards inherent or apparent in such place; that "The defenses of negligence and contributory negligence resulting from obedience or conformity to any order or direction to which the employe is required to obey or conform * * * are eliminated."

The complaint avers that appellee's decedent was ordered by the mine boss and his assistant to repair the entry in a particular manner; that the

way selected was dangerous and known to them to be dangerous, but nevertheless they negligently selected the unsafe way of propping the roof when they could have selected the safe way of taking down the loose slate and rock; that appellee's decedent was bound to obey the order and while attempting to perform the work in obedience to such order the loose slate fell on him and killed him. The statute recognizes two ways of making such places safe and if the mine boss and his assistant negligently selected the unsafe way as alleged and ordered appellee to do work in that particular manner and he was injured while obeying such order, the appellant is liable under the statute. We therefore hold that the complaint states a cause of action under the "Employer's Liability Act." Since the complaint is sufficient under the statute, it is unnecessary to determine whether it states a cause of action under the common law independent of the statute.

The special reply to appellant's second paragraph is sufficient. The facts averred show that the settlement was procured through deception and misrepresentation under circumstances which deceived and misled appellee; that the check was not cashed, the settlement was repudiated and the check promptly tendered back to appellant as soon as appellee learned of the deception and misrepresentation that had been practiced upon her, by means of which, in ignorance of the facts, and her rights in the premises, she had been induced to execute the release and accept the check. *Miedreich* v. *Rank* (1907), 40 Ind. App. 393, 82 N. E. 117; *Firebaugh* v. *Trough* (1914), 57 Ind. App. 421, 107 N. E. 301; *Ray* v. *Baker* (1905), 165 Ind. 74, 81,

74 N. E. 619. Since we have reached the conclusion that the complaint states a cause of action and that the reply to the answer of settlement was sufficient to avoid the answer, it necessarily follows that the court did not err in overruling appellant's motion for judgment on the pleadings, *non obstante veredicto.* §592 Burns 1914, §566 R. S. 1881. *Brown v. Searle* (1885), 104 Ind. 218, 222, 3 N. E. 871; *McCloskey v. Indianapolis Mfg., etc., Union* (1879), 67 Ind. 86, 90, 33 Am. Rep. 76.

The instructions given the jury cover every phase of the case and in some particulars were more favorable to appellant than the law warrants. Some of those refused are incorrect statements of the law as applied to the issues and evidence in the case. Those tendered and refused which are correct were in substance included in others given to the jury. No error harmful to appellant was committed either in the giving of instructions or in the refusal of those tendered by appellant.

We have examined the evidence, and find there is evidence tending to support the verdict on every material proposition involved in the issues. The case seems to have been fairly tried and no harmful error to appellant is presented. Judgment affirmed.

Shea, C. J., Ibach, P. J., Hottel, Caldwell and Moran, JJ. concur.

NOTE.—Reported in 109 N. E. 421. As to constitutionality, application and effect of Employer's Liability Act, see 47 L. R. A. (N. S.) 38, L. R. A. 1915 C 47. On the necessity of returning or tendering consideration on repudiation of release of damages for personal injuries, procured by fraud, see 4 Ann. Cas. 655; 10 Ann. Cas. 739; Ann. Cas. 1912 D 1084.