## DAVENPORT v. KING ET AL.

PRINCIPAL AND SURETY.—*Promissory Note.*—*Answer of Suretyship, and Extension of Time.*—*Notice of Suretyship.*—*Contract.*—Where suretyship is not apparent on the face of the note, and notice thereof to the plaintiff is not averred, an answer by one of several makers of a promissory note, in an action thereon, alleging himself to be merely surety for his co-makers, and that the plaintiff had extended the time of payment of such note, pursuant to a valid contract therefor between himself and such co-makers, is insufficient.

From the Elkhart Circuit Court.

*M. F. Shuey* and *J. M. Vanfleet,* for appellant.

*J. H. Baker* and *J. A. S. Mitchell,* for appellees.

PERKINS, J.—The appellees sued John Davenport and Abraham L. Davenport on a promissory note, dated April 14th, 1875, due sixty days after date, for one thousand dollars.

Abraham L. Davenport answered as follows:

1. The general denial.

2. Payment.

3. " That he was and is surety on said note described in the complaint; that the plaintiffs were and are commission merchants, engaged in buying and selling grain and produce, at Toledo, Ohio; that the defendant John Davenport, the principal maker of said note, was engaged in buying and shipping grain and produce from Indiana to Toledo, Ohio; that, after the maturity of said note, to wit, on the 25th day of October, 1875, said defendant John and said plaintiffs entered into an arrangement and agreement that the defendant John should ship grain and produce to the plaintiffs at Toledo, Ohio, to be sold on commission, the plaintiffs to receive one and one-half cents per bushel, and that the time for the payment of said note should be extended so long as he continued to ship them grain, and that said John should from time to time apply the profits of said business that he could spare to the pay-

ment of said note; that, in pursuance of said agreement, said John continued to ship large quantities of grain and produce to the plaintiffs, which they sold from time to time and made large profits thereon; that he continued to ship grain and produce to plaintiffs until the month of June, 1876, and that the time of payment of said note was extended, in pursuance of said agreement, until that time; all without the knowledge or consent of this defendant. Wherefore he says he was released from said suretyship."

4. " Defendant says he was and is surety for defendant John on said note described in the complaint; that the defendant John, at and after the maturity of said note, for more than a year continuously, was engaged in buying and shipping grain and produce to the plaintiffs, at Toledo, Ohio, to sell on commission; that, after the maturity of said note, the plaintiffs received from said John large quantities of grain and produce, and sold the same, and were indebted to the defendant John from time to time many thousands of dollars therefor, and that they might and should have cancelled said note, but neglected and refused so to do. Wherefore he demands judgment for costs, and all other proper relief."

The plaintiffs demurred severally to the third and fourth paragraphs of answer, for want of facts. The demurrer was sustained to the third paragraph, and overruled to the fourth, and exceptions entered.

The third paragraph did not allege knowledge by the plaintiffs of the suretyship of the appellant.

Reply in denial, and in a second paragraph, by way of confession and avoidance.

The cause was submitted to the court for trial, without a jury, and there was judgment for the plaintiffs.

A motion for a new trial, stating for causes,—

1. Excessive damages; and,

2. Judgment against evidence and law; was overruled, and exceptions taken.

A bill of exceptions contains the evidence.

A. L. Davenport alone appeals.

The assignment of errors is as follows:

1. The court erred in sustaining the demurrer to the third paragraph of the appellant's answer;

2. The court erred in overruling the motion for a new trial.

The court did not err in sustaining the demurrer to the third paragraph of appellant's answer. The fact of suretyship was not apparent upon the face of the note. Both signers upon it appeared to be principals. In such a case it is decided, in *Neel* v. *Harding,* 2 Met. Ky. 247, that, to maintain the defence of suretyship, and discharge by extending time, against the plaintiff, "the defendant must allege and prove that the plaintiff had notice that he was surety in the note sued upon," at the time he made the agreement with the other maker of the note, to give further time to pay.

This doctrine is founded upon justice and equity. It is thus stated in the opinion in the case already quoted from : " It is a just and reasonable doctrine, that where the parties make an instrument which is assignable, and upon the contract itself hold themselves out as principals, they are to be regarded and treated, both by the assignor and assignee, as occupying the attitude in which they have represented themselves to stand, unless the holder has knowledge that some of them are the sureties of the others. Good faith requires that the holder of the paper should have a right so to regard and treat them. It would be manifestly unjust to subject him to the legal consequence of discharging the sureties to the note by an agreement with the principal, when he was ignorant of the relation in which the parties stood to each other, and had a right to consider them all as

principals. If they were all principals, an agreement with one of them to give further day of payment would not operate to release or exonerate the others. Such an agreement can not be allowed to have any more effect than it would have if the promisors were all actually, as they all appear to be, principals in the note, unless the holder, at the time he entered into the agreement, had notice that the parties who claim to be sureties did occupy that attitude on the paper."

Brandt, in his recent work on suretyship and guaranty, p. 22, says: "The great weight of authority and of reason is in favor of the law as above stated." *Orvis* v. *Newell*, 17 Conn. 97; *Wilson* v. *Foot*, 11 Met. 285; *Murray* v. *Graham*, 29 Iowa, 520; *Oxford Bank* v. *Haynes*, 8 Pick. 423; *Grafton Bank* v. *Kent*, 4 N. H. 221; *Nichols* v. *Parsons*, 6 N. H. 30. See Bick. Civil Pr. 472.

It will be unnecessary to consider the question of extension of time, as no ruling of the court during the trial was excepted to; the only question arising upon the overruling of the motion for a new trial is as to the sufficiency of the evidence to establish the second and fourth paragraphs of the answer. But two witnesses were examined. It is not worth while to copy their testimony. It is lengthy, but in no manner tends to prove the allegations in the second and fourth paragraphs of answer.

The court did not err in overruling the motion for a new trial.

Judgment affirmed, with costs.