McCloskey *v.* The Indianapolis Manufacturers and Carpenters' Union *et al.*

---

McCLOSKEY *v.* THE INDIANAPOLIS MANUFACTURERS AND CARPENTERS' UNION ET AL.

PRINCIPAL AND SURETY.—*Extension of Time.—Notice of Suretyship.*—In an action by the payee, against joint makers, on a promissory note, an answer by one of the defendants, alleging that he was only surety for his co-maker, and that the plaintiff, after the maturity of the note, in consideration of interest paid in advance, had agreed with the principal, without the knowledge or consent of the surety, to extend the time of payment for a definite period, is insufficient for want of an allegation that the payee, when he made such agreement for extension of time, had notice of the relation of principal and surety between the makers.

SAME.—*Judgment on Pleadings, over Verdict.*—Though no demurrer be filed to such answer, and its averments be fully proved, the plaintiff is entitled to judgment in his favor, even over a verdict against him.

McCloskey *v.* The Indianapolis Manufacturers and Carpenters' Union *et al.*

From the Marion Superior Court.

*D. V. Burns* and *C. S. Denny*, for appellant.

*H. Dailey* and *W. N. Pickerill*, for appellees.

Howk, J.—In this action, the appellee, The Indianapolis Manufacturers and Carpenters' Union, sued the appellant and one Michael McBride upon a promissory note, of which the following is a copy:

" $1,000. INDIANAPOLIS, February 11th, 1876.

" On or before twelve months after date, we promise to pay to the order of Indianapolis Manufacturers and Carpenters' Union, at Harrisons' Bank, at Indianapolis, Indiana, one thousand dollars, value received, without any relief from valuation or appraisement laws, and attorney's fees, with ten per cent. interest from date. The drawers and endorsers severally waive presentment for payment, protest and notice of protest and non-payment of this note.

(Signed,) " MICHAEL McBRIDE,
" JOHN McCLOSKEY."

Which note was endorsed as follows: " Interest for 6 months paid on this note, $50, paid Sept. 2d, 1876," and " Rec'd March 1st, 1877, sixty dollars, as interest on this note."

To this complaint on said note, the appellant, for his separate answer, alleged, in substance, that he admitted the execution of the note in suit, but he said that he signed the same as the surety of his codefendant, Michael McBride, who was the principal therein; that on the 2d day of September, 1876, said McBride paid fifty dollars as interest on said note, and on March 1st, 1877, the further sum of sixty dollars, also as interest thereon; that, at the time of said last payment, it was agreed by and between the plaintiff's agent and general superintendent and said McBride, that in consideration of the payment by said McBride of said sum of sixty dollars, as interest on said

note, the time of the payment of the principal of said note should be and was extended until the 1st day of April, 1877, and that said agreement was made by the plaintiff and said McBride, without the appellant's knowledge or consent. Wherefore, etc.

The plaintiff replied, by a general denial, to the appellant's answer.

. The issues joined between the appellant and the plaintiff were tried by the court at special term, and a finding was made for the plaintiff, against the appellant, for the amount due on the note in suit. The appellant's motion for a new trial was overruled, and to this ruling he excepted; and judgment was rendered by the court, at special term, upon its finding, and the appellant, McCloskey, appealed therefrom to the court in general term.

On that appeal, the judgment of the special term was affirmed by the court in general term; and to this judgment of affirmance the appellant excepted and appealed therefrom to this court.

The appellant has here assigned, as error, the judgment of the court in general term, and has thereby brought the error there assigned by him, before this court. The only error assigned by the appellant, in the court below in general term, was the overruling of his motion for a new trial; and the only cause assigned by him for such new trial, in his motion therefor, was that the finding of the court was "contrary to the evidence."

It will be seen from the copy of the note in suit, set out in this opinion, that it was the joint note of the appellant and his codefendant, McBride; and that the fact, if such were the fact, that the appellant was the surety only of his codefendant, in the note sued on, was not apparent on the face of the note. The appellant and McBride were apparently joint makers of the note in suit. It will be observed, also, from the appellant's separate answer, in this

case, the substance of which we have given in this opinion, that it was not alleged therein that the plaintiff below had notice or knowledge of the fact, if such were the fact, that the appellant was a surety only in the note sued on, at the time of its alleged agreement with said McBride for an extension of the time of payment of the principal of said note.

In the recent case of *Davenport* v. *King,* 63 Ind. 64, which was an action upon a note made by two persons, where, as in this case, both the makers of the note were apparently principals therein, it was held by this court, that, to maintain the defence of suretyship and the discharge of the surety by an extension of time to the alleged principal, against the plaintiff, the defendant must allege and prove that the plaintiff had notice that he was surety in the note sued on, at the time he made the agreement with the other maker of the note to give further time for its payment. *Neel* v. *Harding,* 2 Met. Ky. 247; and Brandt Suretyship & Guaranty, sec. 17, and notes.

It is certain, therefore, we think, that the appellant's separate answer, in this case, did not state facts sufficient to constitute a defence to the plaintiff's action, and that a demurrer thereto for the want of facts, if it had been filed, would have been correctly sustained. It may be said, however, that because no demurrer was filed to the appellant's answer, but issue was joined thereon by a reply in general denial, and because, on the trial, the allegations of this insufficient answer were sustained by the evidence, conceding such to be the fact, therefore the finding of the court ought to have been for the appellant. It has been held otherwise by this court, and we think correctly so.

In the case of *The Western Union Telegraph Co.* v. *Fenton,* 52 Ind. 1, it was held that where a paragraph of answer in confession and avoidance is bad, and no demurrer thereto is filed, but issue is joined thereon, and, upon the trial, its allegations are proved to be true, it does not fol-

low that the finding should be for the defendant, but such immaterial issue should be disregarded. The reason assigned for this decision, in the opinion in the case cited, is, that, upon the pleadings, the plaintiff is entitled to judgment, under the provisions of section 372 of the practice act, which reads as follows : "Where upon the statements in the pleadings one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, though a verdict has been found against such party." 2 R. S. 1876, p. 186.

The case last cited was approved and followed by this court, on the point now under consideration, in the case of *Dorman* v. *The State*, 56 Ind. 454.

It seems to us, therefore, that even if the evidence on the trial fully sustained the appellant's separate answer, as his counsel earnestly insist, in the case at bar, still it was the duty of the court below, at special term, to disregard the issue joined on said answer, and find for the plaintiff below, upon the pleadings in the case, and render judgment accordingly. The judgment thus rendered was, we think, correctly affirmed by the court in general term, upon the error there assigned.

We find no error in the record which justifies a reversal of the judgment of affirmance.

The judgment of the court in general term is affirmed, at the appellant's costs.