<hr />

No. 6179.

### Arms et al. *v.* Beitman.

Principal and Surety.—*Extension of Time.*—*Notice of Suretyship.*—*Release.*—In an action by the assignee, against the several makers, of a promissory note, proof by two of the makers thereof, that they were

only sureties for their co-makers, and that such assignee, after the maturity of the note, in consideration of interest paid in advance, agreed with the principal, without their knowledge or consent, to extend the time of payment for a definite period, will not release such sureties, unless the assignee had notice of such relation between the makers when such agreement was made.

SAME.—*New Trial.—Newly-Discovered Evidence.—Diligence.*—To obtain a new trial on account of newly-discovered evidence, due diligence must be shown in endeavoring to obtain proof, on the first trial, of the facts sought to be established.

From the Daviess Circuit Court.

*W. R. Gardiner*, *S. H. Taylor* and *J. T. Pierce*, for appellants.

*J. H. O' Neall* and *D. J. Hefron*, for appellee.

NIBLACK, C. J.—Gabriel Beitman, as assignee of Louis Cosby, commenced this action before a justice of the peace against Thomas White, John Arms and Franklin White, as makers of a promissory note for one hundred and seventy dollars, dated March 13th, 1875, and payable to the said Louis Cosby eight months after date, and obtained judgment before the justice. Upon an appeal to the circuit court, there was again a finding and judgment in favor of the plaintiff. At the trial Thomas White testified that he was the principal obligor in the note, and that the other defendants were only sureties thereto ; that on the 24th day of February, 1876, he paid to Beitman the sum of $17.80 in full of interest to the 1st day of April then next ensuing, Beitman agreeing to wait for the principal ; that neither one of his co-defendants knew anything of this payment of interest to, or agreement with, Beitman. Beitman, who was called as a witness by the defendants, testified that about the 1st day of March, 1876, the defendant Thomas White paid him $17.80 as interest on the note until the 1st day of April, 1876, and that he agreed with the said White to wait for the principal until the last named day ; that he did not know who was principal or who was surety ; that he did not

know that either Arms or Franklin White was only surety on the note. This was, in substance, all the material evidence introduced by the defendants.

After a finding was made for the plaintiff, the defendants Arms and Franklin White moved the court for a new trial:

First. Because the finding was contrary to law;

Second. Because the finding was not sustained by sufficient evidence;

Third. Because of newly-discovered evidence.

But their motion was not sustained.

In support of the third cause for a new trial Arms and Franklin White, the appellants here, filed their affidavit stating that they been taken by surprise by the testimony of Beitman; that since the trial they had discovered important and material evidence in their behalf, that is to say, that Cosby, the payee of the note, did, at the time he transferred the note to Beitman, inform him, said Beitman, that they, the affiants, were only sureties thereto; that they did not have an opportunity of seeing Cosby until after the trial, when, happening to speak with him on the subject, he communicated to them what he had informed Beitman as above; that they had supposed that Beitman would swear that he knew that they were only sureties on the note, but that they did not know at the time of the trial in what way Beitman had been informed of such suretyship; that they could prove by Cosby notice to Beitman of their suretyship, as above stated. The affidavit of Cosby, that he informed Beitman at the time of the transfer of the note that Arms and Franklin White were only sureties, accompanied the affidavit of Arms and Franklin White.

The failure of Arms and Franklin White to prove, upon the trial, that Beitman had notice that they were only sureties on the note, was fatal to their defence. The court did right, therefore, in finding against them upon the evidence

,adduced upon the trial.  *Davenport* v. *King*, 63 Ind. 64;
*McCloskey* v. *The I. M. & C. Union*, 67 Ind. 86.

The court also did right in refusing to grant a new trial
for newly-discovered evidence.  No diligence was shown to
ascertain, before the trial, whether Beitman had notice of
the suretyship of the appellants when he agreed to an ex-
tension of time for the payment of the note.  It was not
claimed that inquiry had been made of any one on the sub-
ject of such notice, previous to the trial, and nothing was al-
leged which could have afforded the appellants any good
reason for believing that Beitman had notice of such surety-
ship.  The mere calling of Beitman as a witness to estab-
lish certain supposed facts, without some previous inquiry as
to the existence of such facts, can not be held to have been
due diligence in endeavoring to obtain proof of the facts
thus sought to be established.

The judgment is affirmed, with costs.