No. 8232.

LAMSON ET ÁL. *v.* FIRST NATIONAL BANK OF VEVAY.

DECEDENTS' ESTATES.—*Costs.—Statute Construed.—Action against Executor or Administrator and Co-obligor.*—A joint suit against an administrator or executor and the co-obligor of the deceased, upon a joint or joint and several obligation, is governed in respect to costs by the rules of the code, and not by section 62 of the decedents' estates act. 2 R. S. 1876, p. 512.

Lamson *et al. v.* First National Bank of Vevay.

PRINCIPAL AND SURETY.—*Extension of Time.*—*Notice.*—An extension of time by agreement with the principal debtor does not discharge a surety, unless the suretyship be known to the holder of the obligation.

SAME.—*Burden of Proof.*—The surety who alleges an extension of time, without his consent, must allege and prove that the holder of the obligation had notice of the suretyship.

SUPREME COURT.—*Evidence.*—This court will not disturb a verdict for lack of evidence, if supported by some evidence, especially when against the party who had the burden of the issue.

From the Switzerland Circuit Court.

*L. O. Schroeder, T. Livings* and *W. D. Ward,* for appellants.
*W. R. Johnson* and *F. M. Griffith,* for appellee.

WOODS, J.—Appeal from a judgment on a promissory note. The appellant Mary A. Mennet, administratrix of the estate of Francis E. Mennet, answered separately to the claims of the plaintiff to recover costs and attorney's fees, admitting the execution of the note by her intestate as surety for one of the other makers, but alleging her appointment and qualification as administratrix, and that the suit was not commenced within one year from the date of such appointment.

The argument in support of these pleas is based on section 62 of the act for the settlement of decedents' estates, 2 R. S. 1876, p. 512. That section, however, is not applicable. It provides for the filing of claims against estates in the court of probate jurisdiction, and that this must be done "within one year from the date of the first appointment of an executor or administrator therein, and notice thereof; or no cost shall be recovered," etc.; but this has no reference to actions against an administrator or executor, when sued jointly with others, who were co-obligors of the deceased, upon joint or joint and several contracts. Such suits may be brought in any court wherein the parties, if all living, might be sued, and, in respect to costs, are governed by the ordinary rules. The pleas, however, are bad, even if the section applied, because they do not show notice of the appellant's appointment.

The said administratrix also complains of the overruling of her motion for a new trial.

One of her defences to the action was that her intestate signed the note as surety, and that since his death the plaintiff had accepted, of the principal debtor, interest in advance upon the note, without her knowledge or consent, whereby the estate was discharged. It was clearly proven that such payments of interest in advance were made, and accepted by the plaintiff, and that the deceased was surety only, but there is no direct proof that the plaintiff had knowledge of the suretyship. The appellant insists that, once the suretyship and the agreement for the extension of time were shown, the burden was on the plaintiff to show ignorance of the intestate's relation to the paper; and that, if this be otherwise, there is, in the record, sufficient uncontradicted evidence of notice. It was necessary for the appellant to aver, as in the fourth and fifth paragraphs of her answer she has averred, the plaintiff's knowledge of the fact of suretyship. *Davenport v. King,* 63 Ind. 64; *McCloskey v. I. M. & C. Union,* 67 Ind. 86. And the case is not an exception to the rule that the burden of proof and of averment is upon the same party. *Arms v. Beitman,* 73 Ind. 85; *Mullendore v. Wertz,* 75 Ind. 431.

There are some circumstances in proof which might be regarded as indicating notice to the appellee of the alleged suretyship, and, besides the fact that the note on its face showed all of the makers to be bound alike, there is evidence of one fact which tended to the conclusion that the deceased was himself the borrower, namely, that he went to the bank and made arrangement for obtaining the money, before any application therefor was made by the one for whose benefit it was actually obtained. Remembering that the burden of proof was on the appellant, the case is not one in which we can review the finding of the trial court on a question of fact. *Johnson v. Burns,* 80 Ind. 130.

The court did not permit an answer to a question propounded by appellant to a witness; but there was no error in this, if for no other reason, because no statement was made of the answer expected.

The appellee has filed in this court a remittitur of $33.50, the amount of the attorney's fee allowed by the court, admitting that there was no proof to sustain the finding in that particular. On condition that a like remittitur or credit as of the date of the judgment be made in the court below within sixty days, the judgment will be affirmed, at the costs of the appellee.