No. 9848.

## THARP v. PARKER ET AL.

PROMISSORY NOTE.—*Principal and Surety.—Answer.—Extension of Time.— Notice.*—Where suretyship is not apparent on the face of a note, a surety is not released from liability thereon by an extension of the time of payment thereof, unless the payee has knowledge of the suretyship; and an answer setting up such a defence in a suit must aver such notice.

From the Hendricks Circuit Court.

*C. C. Nave*, for appellant.

*L. M. Campbell*, for appellees.

BICKNELL, C. C.—The appellant brought this action against the appellees and William J. Smith, upon a promissory note of which the following is a copy:

"$226.88.                              Dec. 27th, 1867.

"Twelve months after date we, the subscribers, of Hend.

county, of Brownsburg and State of Indiana, promise to pay to the order of Allen Tharp, two hundred and twenty-six $\frac{88}{100}$ dollars, value received, without any relief from valuation or appraisement laws."

(Signed)          " WILLIAM J. SMITH.
                  " J. W. PARKER & B. T. SMITH.
                  " LEWIS S. HUNTER."

William J. Smith was not found. The other defendants answered as follows : " The defendants, John W. Parker, Benjamin T. Smith and Lewis S. Hunter jointly and separately answer the complaint of plaintiff, and say it is true they did, on the 27th day of December, 1867, together with one William J. Smith, execute their note to plaintiff, as set out in said complaint, but they say the plaintiff now has no cause of action against these defendants, or any one of them, because they say that said note was executed by William J. Smith as principal, and these defendants as sureties ; and that the sole consideration for said note was the loan of $200 by plaintiff to the said William J. Smith for one year from said date, and that the excess over said sum, to wit, $26.38, was written and included in said note as interest, at the rate of over thirteen per cent. per annum, and that, after said note became due, the plaintiff did, without the knowledge, consent or approval of these defendants, or any of them, make and enter into a new contract with the principal maker of said note, to wit, the said William J. Smith, and did agree to extend the time of payment of said note beyond the date when the same became due, for different periods of time, from year to year, receiving, in consideration for the extension of said time of payment, interest in advance, and at a greater rate than was allowed by law. Wherefore," etc.

A demurrer to this answer was overruled. The plaintiff replied by a general denial and specially ; the issues were tried by the court, who found for the defendants. The plaintiff's motion for a new trial, alleging that the finding was not sustained by sufficient evidence, and was contrary to law, was overruled ; judgment was rendered on the finding. The plain-

tiff appealed. He assigns as errors the overruling of the demurrer to the answer and the overruling of the motion for a new trial.

The suretyship was not apparent in the note. All the makers of the note appeared to be principals, jointly liable and equally liable. In such a case the defence of suretyship and discharge by extension of time is not available, unless the holder of the note has knowledge of the suretyship.

The answer in this case fails to aver that the plaintiff, at the date of the alleged new contract to extend the time, had knowledge of the alleged suretyship. It was, therefore, insufficient; the court erred in overruling the demurrer to it. *Davenport* v. *King*, 63 Ind. 64; *McCloskey* v. *Indianapolis, etc., Union*, 67 Ind. 86 (33 Am. R. 76).

As the judgment must be reversed for this error, we need not consider the motion for a new trial.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things reversed, at the costs of the appellees, and this cause is remanded, with instructions to sustain the demurrer to the answer.