### BRANNON *v.* IRONS ET AL.

[No. 2,422.    Filed February 18, 1898.]

PRINCIPAL AND SURETY.—*Bills and Notes.—Extension of Time of Payment.—Release of Surety.*—Where the payee of a promissory note past due, without the knowledge of the surety, joined with the principal in a note, due one year after date, for borrowed money, receiving part of the proceeds thereof with the understanding that when such note was paid the first note should be surrendered as paid, such transaction amounted to such an extension of the time of payment of the first note as to release the surety.

From the Montgomery Circuit Court.    *Affirmed.*

*M. W. Bruner*, for appellant.

*G. W. Paul* and *H. D. Van Cleave*, for appellees.

COMSTOCK, J.—The appellant Brannon held a note on James M. Irons and Joseph W. Hall, appellees, for $75.00. Irons and Hall brought suit against Brannon to have it canceled and declared paid. To this complaint was filed a general denial. Brannon filed his cross-complaint asking judgment on the note. To this cross-complaint Irons and Hall filed their joint answer in two paragraphs, the first being a general denial, and the second payment. Brannon replied to the second paragraph of answer to the cross-complaint in which he alleged that he was surety on the note, and that Irons the principal maker and Brannon the payee entered into an agreement by which for a valuable consideration the time of the payment of said note was extended one year, without the knowledge or consent of said Hall, the surety.

At the request of appellant the court made its special finding of facts and conclusions of law upon the facts found, and rendered judgment in favor of Hall for costs, overruling Brannon's motion for judgment against Hall. To these rulings of the court Brannon properly reserved his exceptions. In this appeal he seeks to reverse the judgment in favor of said Hall, and assigns as errors: "(1) The court erred, in its conclusions of the law on the special findings; (2) in its conclusions of law in favor of appellee Joseph W. Hall on the special finding; (3) in overruling appellant's motion for judgment in his favor against Hall; (4) in rendering judgment in favor of appellee Hall." The controlling questions in the appeal are embraced in the second assignment of errors.

The court, having found that no part of the principal or interest on said note had been paid, evidently found that the surety was released because of an extension of the time of the payment of said note without his knowledge or consent. We deem it only

necessary therefore to consider whether the facts
found by the court are sufficient to release the surety
by reason of said alleged extension of the time of pay-
ment.    The findings pertinent to such questions are
as follows:    "The court finds that on the 26th of Sep-
tember, 1891, that the plaintiffs, James M. Irons and
Joseph W. Hall, executed their joint note bearing
even date, payable to defendant, for the sum of $75.00,
due —, and signed by plaintiff James M. Irons as prin-
cipal and Joseph Hall as surety, and that the note was
delivered to defendant Brannon as evidence of debt
contracted by Irons to defendant as part payment for
rent due on his farm in Montgomery county, Indiana;
and the court further finds that on the 8th of May,
1893, the note above described was in the hands of de-
fendant Brannon wholly unpaid, and that upon said
last named date, plaintiff, Irons, and defendant,
Brannon, negotiated for a loan of $100.00 from one
Charles W. Wright, the result of which was that they
executed their joint note to one Amanda Vance, dated
May 8, 1893, due in one year from date, for $100.00,
interest at 8 per cent. and attorney fees, on which
note Irons was principal and Brannon surety, and re-
ceived from said Wright as proceeds of said note a
check on the First National Bank for $100.00, less
one year's interest paid in advance, and that by ar-
rangement of and between the payers of the note,
Irons and Brannon, Irons drew the money and paid
the sum of $75.00 to defendant Brannon with the
agreement and understanding that when Irons paid
the note of Mrs. Vance, the note on which Brannon
was surety with this $75.00 note held by him, should
be canceled and delivered, to be as paid off, all with-
out the knowledge or consent of plaintiff Joseph Hall."
The court further found "that at the time above
named, when Irons and Brannon executed the note for

$100.00 and received the proceeds of same; that Brannon, still retaining the note described in plaintiff's complaint, delivered the same into the possession of Charles W. Wright, aforesaid, as collateral security for the payment when it should become due of the $100.00 note held by him for Mrs. Vance, and he retained possession of the same until about the 28th of November, 1895, when he delivered the same back to defendant Brannon, all of which arrangements were made and done without the knowledge or consent of plaintiff Hall." The court further found that the note for $100.00 given to Mrs. Vance, was not paid at maturity on May 8th 1894, but was held by Wright, agent of Mrs. Vance, until November, 1894, when Irons and Brannon took up said note and paid the accrued interest thereon by executing a new note to the same purport, due November 27th 1895; that said last named note was, on the 27th of November, 1895, taken up and paid by defendant Brannon, who now has and owns the same. That Brannon is yet the holder of the note executed by plaintiff herein to defendant for $75.00.

Counsel for appellant claim that to release Hall, the special finding should show that he was surety,—that Brannon (payee) knew that he was surety; that the agreement to extend the time of payment should show that the extension was for a definite time and for a valuable consideration. We concur in this statement of the law. We cannot, however, concur in the further claim of appellant's counsel that these essential facts are not shown. The special findings above set out sufficiently show that Irons was principal and Hall surety, and that defendant Brannon had knowledge of the fact. The court found that Irons signed the note as principal and Hall as surety as evidence of a debt due from Irons to Brannon for a balance of rent.

of Brannon's farm, and that it was delivered to Brannon. In the arrangement by which the $100.00 was borrowed from Mrs. Vance and $75.00 of the same paid to Brannon with the agreement that when Irons paid the note which he and Brannon executed to Mrs. Vance, Brannon should surrender as paid the note in suit, there was an implied agreement that the time of payment of the note signed by Irons and Hall was extended at least to the maturity of the Vance note. This note was dated May 8th 1893, and due one year after date. The note in suit was due September 1st 1892. The time of the extension was thus definite. The receipt of the $75.00 which clearly induced the agreement was a valuable consideration. A correct conclusion was reached. Judgment affirmed.