## OLSON *v.* CHISM.

[No. 2,462.   Filed October 12, 1898.]

PRINCIPAL AND SURETY.—*Extension of Time of Payment.—Release of Surety.*—In order that the extension of time of payment may release a surety it must appear that it was for a consideration, for a time certain, and without the surety's consent, and that the holder knew that the person seeking to be released was a surety.   *p. 41.*

SAME.—*Extension of Time of Payment.—Equitable Estoppel.*—In an action on a promissory note by the payee against the principal and surety, the surety answered that after the note became due the payee told him that he had extended the time of payment and had agreed to give the principal one year   more time; that by reason of such statement the surety was induced to neglect any and all means he might have used for his own protection; and that at the time of such extension the principal was solvent, and that at the

time suit was brought he was insolvent. *Held,* that such answer did not plead an equitable estoppel, as it did not appear from the pleading that the extension of time was without the knowledge or consent of the surety. *p. 42.*

From the Benton Circuit Court. *Affirmed.*

*Dawson Smith* and *G. H. Gray,* for appellant.

*Daniel Fraser* and *Will Isham,* for appellee.

ROBINSON, J.—Appellee recovered a judgment against appellant and one Taylor in an action on a promissory note. In appellant's second paragraph of amended answer, he averred that he signed the note as surety, and received no part of the consideration, which was known to appellee when the note was executed; that after the note became due appellee told appellant that he had extended the time of payment, and had agreed to give Taylor one year's more time; that appellant relied upon such statement, and believed the same true, and was thereby prevented from indemnifying himself; that up to the time of such extension Taylor was solvent, and that at the time suit was brought was insolvent; that by reason of such statement appellant was induced to neglect any and all means he might have used for his own protection.

There was no error in sustaining a demurrer to this paragraph of answer. Without entering into any discussion as to necessary averments in pleading the surety's release, it is not averred in the case at bar that the extension of time given was upon any consideration, nor that there was any extension, but that appellee told appellant he had agreed to extend the time. In order that the extension of time of payment may release a surety it must appear that it was for a consideration, for a time certain, and without the surety's consent, and that the holder knew that the person seeking to be released was a surety. *Voris* v. *Shotts,* 20 Ind. App. 220; *Brannon* v. *Trous,* 19

Ind. App. 305; *Davis* v. *Stout*, 126 Ind. 12; *Holmes* v. *Boyd*, 90 Ind. 332; *Beach* v. *Zimmerman*, 106 Ind. 495; *Henry* v. *Gilliland*, 103 Ind. 177; *Cates* v. *Thayer*, 93 Ind. 156; *Hume* v. *Mazelin*, 84 Ind. 574.

Nor does this paragraph of answer plead an equitable estoppel. Appellant knew the note was past due, and that it was unpaid, and nothing was done by appellee which prevented appellant from enforcing the collection of the note under the statute. It does not appear from the pleading that the extension of time was made without the knowledge or consent of appellant. He could have agreed to an extension, and, so far as the pleading shows, he may have done so.

Some argument is made upon the evidence, but upon the point argued it is admitted the evidence is contradictory. In such case we cannot interfere with the jury's finding. There was some evidence to sustain the verdict of the jury, and that is sufficient. Judgment affirmed.