COOPER *v.* FERGUSON WILLIS OIL COMPANY ET AL.

[No. 24,840. Filed April 17, 1928.]

1. APPEAL.—*Dismissal of appeal.*—Where no cross-errors have been assigned, a sole appellant may dismiss his appeal, even when opposed by persons interested in the litigation who were not parties to the proceeding in the trial court. p. 745.

2. RECEIVERS.—*Setting aside order appointing receiver.*—Since the appointment of a receiver is in the sound judicial discretion of the trial court, and is not controlled by the agreement of the interested parties, an order appointing a receiver for a corporation may be set aside notwithstanding a majority of the stockholders had agreed that a receiver should be appointed, and are claiming that such action of the court will work a hardship on the stockholders and the receiver. p. 745.

From Marion Probate Court (1,793); *Mahlon E. Bash,* Judge.

Application by David T. Cooper for the appointment of a receiver for the Ferguson Willis Oil Company resulting in the appointment of a receiver. Some months afterward, the court set aside the order appointing a receiver, and from this last order, the plaintiff appeals. *Appellant's motion to dismiss sustained.*

*White & Jones,* for appellant.

*M. L. Clawson,* for appellees.

WILLOUGHBY, C. J.—This is an appeal from a judgment vacating the appointment of a receiver. The record was filed in this court December 5, 1924. An order of submission was entered on January 5, 1925. On March 5, 1925, appellant's briefs were filed. No brief was ever filed on the part of appellee. On December 16, 1926, appellees presented a brief and asked leave to file it; this was denied because presented too late.

The record discloses that the defendant, the Ferguson Willis Oil Company, appeared by its attorney, W. W. Spencer, and waived notice and consented to the appointment of a receiver of the above named corporation, and that Emil Stroeh was appointed as such receiver and gave bond in the sum of $5,000, which bond was approved and the receiver, Emil Stroeh, was sworn to discharge the duties of his trust. Afterward, on October 8, 1924, the receiver filed his petition for an order to sell the assets of the Ferguson Willis Oil Company for the purpose of winding up the affairs of said company and paying its debts. In the record it appears that on October 10, 1924, W. A. Boyce, O. D. Frazee and Joseph Hamilton filed a petition to set aside the receivership. Afterward, on October 27, 1924, the Ferguson Willis Oil Company filed its petition to vacate the receivership. And on November 25, 1924, the court set aside the order entered July 3, 1924, wherein Emil Stroeh was appointed receiver of defendant company, and ordered that said receiver turn over and deliver all property of defendant company in his possession to the proper officers of said company and report to the court his acts therein within fifteen days. And the plaintiff then filed his petition to reopen said cause and the court denied such petition and on December 3, 1924, the plaintiff filed his motion for a new trial. The motion for a new trial was overruled and the plaintiff allowed ten days in which to file all bills of exception.

To this transcript is attached an assignment of error entitled *David T. Cooper* v. *Ferguson Willis Oil Company, O. D. Frazee, Joseph Hamilton, W. A. Boyce,* whose christian name is unknown to appellant. On January 6, 1926, appellees filed their motion to dismiss the appeal, which motion was overruled. On April 30, 1926, appellant David T. Cooper filed in this court his written dismissal of said appeal. On May 5, 1926, Emil C.

Stroeh, receiver, filed a paper which he entitled "Intervening Petition of Receiver," in which he alleges that, prior to his appointment as receiver, it was agreed by a majority of the stockholders that a receiver was to be appointed in said cause and that David T. Cooper was to file suit for and on behalf of himself and other stockholders of the Ferguson Willis Oil Company and that said suit was filed by an agreement of a majority of the stockholders. That affiant had been appointed as receiver and was duly acting as receiver for several months. That, while acting as receiver, said receiver agreed to sell to Everett W. Trook an option to purchase an oil lease in the State of Kentucky. That said option was owned and held in the State of Indiana. That said Trook has paid out several thousand dollars pursuant to his agreement with the said receiver and that there were assets belonging to the Ferguson Willis Oil Company, defendant herein, in the State of Indiana. That said receivership had been vacated by the judge of the probate court without permitting defendants herein to put in any evidence. That after said receivership had been vacated by the judge of the Marion Probate Court, David T. Cooper, appellant herein, and other stockholders agreed among themselves that said Cooper should take an appeal in this cause for and on behalf of himself and the other stockholders in said company, and, pursuant to said agreement, this appeal has been taken. That on or about April 2, 1926, David T. Cooper and William Ferguson, president of the Ferguson Willis Oil Company, appeared before the clerk of this court and filed their motion to dismiss said appeal. That said Cooper had not informed any other stockholder of his intention of coming into this court and dismissing said appeal and the other stockholders knew nothing of the conduct of said Cooper in filing his petition to dismiss

said appeal. That said William Ferguson had agreed that a receiver be appointed and service of summons was served upon him and no objection to the appointment had been made by him at the time, That a majority of the stockholders of said company do not want this appeal dismissed, for the reason that it would work a great hardship upon the stockholders and the receiver in this cause; and asks the court to overrule the petition for dismissal filed by said Cooper and to hear this cause on its merits.

This paper does not set forth any reasons or legal cause why the motion of appellant, David T. Cooper, to dismiss this appeal should not be sustained.

1, 2. Said Cooper is the sole appellant and no cross-errors have been assigned. In *Durbin* v. *Northwestern Scraper Co.* (1905), 36 Ind. App. 123, 73 N. E. 297, it is held that the appointment of a receiver lies in the sound discretion of the court in view of all the cirsumstances and is not the subject of contract between the debtor and creditor. In *Whelpley* v. *Erie Railroad Co.* (1868), 6 Blatchford (C. C.) 271, it is held that an order for the appointment of a receiver depends upon the judgment of the judge who granted it and that such order will not be made in an improper case even on the consent of both parties to the suit. In *Baird, Sheriff*, v. *Nagel* (1924), 194 Ind. 87, 142 N. E. 9, it is held that the appellant was the sole appellant in that case and had a right to dismiss his appeal and that a third party cannot take an appeal in the name of a party to the judgment merely because the decision may affect his interests adversely. See, also, *Coleman* v. *Oil Co.* (1884), 25 W. Va. 148; *McIntyre* v. *Sholty* (1891), 139 Ill. 172; *Board, etc.*, v. *Wild* (1905), 37 Ind. App. 32, 76 N. E. 256. The appellant's motion to dismiss the appeal is sustained.

Appeal dismissed.

Martin, J., not participating.